SIGNED THIS: January 19, 2018

_____
**Mary P. Gorman
United States Chief Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| In Re ) | |
| ) | Case No. 17-71371 |
| MICHAEL TERRY SMITH and ) | |
| PATRICIA LYNN SMITH, ) | |
| ) | Chapter 7 |
| Debtors. ) | |

## O P I N I O N

Before the Court is the Trustee's objection to Michael and Patricia Smith's claim of exemption in an individual retirement account ("IRA") inherited from Patricia Smith's mother. The Smiths assert that the IRA is exempt under Illinois law. Both statutory and case law, however, support the Trustee, and her objection will therefore be sustained.

I. **Factual and Procedural Background**

Michael T. Smith and Patricia L. Smith ("Debtors") filed their voluntary petition under Chapter 7 on August 29, 2017. On their Schedule A/B: Property, they listed ownership of an IRA in the amount of $44,361.33 but did not specifically identify which of them was the actual account owner. On their Schedule C: The Property You Claim as Exempt, they claimed the entire IRA account as exempt under the Illinois exemption for retirement plans.

Mariann Pogge was appointed as the Chapter 7 Trustee ("Trustee") in the Debtors' case. The Trustee filed an objection to the claim of exemption in the IRA, asserting that the IRA was inherited from Patricia Smith's mother and therefore did not qualify for the claimed exemption. The Debtors responded to the Trustee's objection, asserting that the case law relied on by the Trustee in her objection was distinguishable and did not support the Trustee's position. Brief oral arguments were heard on December 12, 2017, and the matter is now ready for decision.

II. **Jurisdiction**

This Court has jurisdiction over the issues before it pursuant to 28 U.S.C. §1334. All bankruptcy cases and proceedings filed in the Central District of Illinois have been referred to the bankruptcy judges. CDIL-Bankr. LR 4.1; *see* 28 U.S.C. §157(a). Matters involving the allowance or disallowance of exemptions from property of the estate are core proceedings. 28 U.S.C. §157(b)(2)(B). This matter arises from the Debtors' bankruptcy itself and from the provisions of the

Bankruptcy Code and may therefore be constitutionally decided by a bankruptcy judge. *See Stern v. Marshall*, 564 U.S. 462, 499 (2011).

### III.    Legal Analysis

The Trustee and the Debtors agree that, as Illinois residents, the Debtors are generally required to use the exemptions provided by Illinois statute rather than the Bankruptcy Code.  735 ILCS 5/12-1201; 11 U.S.C. §522(b). The Trustee and the Debtors also agree on the key dispositive fact—that the IRA at issue here was inherited from Patricia Smith's mother. They dispute whether controlling law allows the Debtors to exempt the inherited IRA.

The Debtors claimed the inherited IRA as exempt under the Illinois exemption for retirement plans, which provides, in part, that "[a] debtor's interest in . . . a retirement plan is exempt from judgment, attachment, execution, . . . and seizure for the satisfaction of debts[.]" 735 ILCS 5/12-1006(a). The exemption applies only to a retirement plan that is "intended in good faith to qualify as a retirement plan under the applicable provisions of the Internal Revenue Code[.]" 735 ILCS 5/12-1006(a)(i). "Retirement plan" is defined to include individual retirement accounts. 735 ILCS 5/12-1006(b)(3).

The Trustee objected to the Debtors' claim of exemption in the inherited IRA based on the Supreme Court's decision in *Clark v. Rameker*, __ U.S. __, 134 S. Ct. 2242 (2014). *Clark* held that funds in an inherited IRA were not entitled to the exemption provided by the Bankruptcy Code for "retirement funds." *Id.* at 2247. Inherited IRAs have distinct legal characteristics that distinguish them

from traditional IRAs and result in inherited IRAs losing their status as "retirement funds." *Id.* Specifically, no new contributions may be made to an inherited IRA, the recipient of an inherited IRA is required to withdraw money from the account based on a schedule not related to the time of that person's anticipated retirement, and the recipient of an inherited IRA may withdraw the funds from the account without penalty. *Id.* Thus, funds in an inherited IRA may be used freely and are "not funds objectively set aside for one's retirement." *Id.* Allowing an exemption for funds saved and held for retirement purposes and subject to restrictions that discourage early withdrawals is consistent with the purposes of the Bankruptcy Code. *Id.* But because inherited IRAs are not subject to those same restrictions and can be withdrawn at any time for any purpose without penalty, allowing an exemption for inherited funds is inconsistent with the Code's purposes and would change the intended "fresh start" into a "free pass."[1] *Id.* at 2248.

The Debtors attempted to distinguish *Clark* by asserting that it was decided based on Wisconsin law and therefore cannot control a decision regarding their claim of exemption under Illinois law. But they are inaccurate in stating that *Clark* was decided based on the Wisconsin exemption statute; *Clark* involved a claim of exemption under the Bankruptcy Code.[2] Specifically, the

---

[1] *Clark* made clear that its holding did not apply to IRAs inherited after the death of a spouse. When a surviving spouse inherits an IRA, the survivor may roll over the inherited IRA into the survivor's own IRA and thereby maintain the funds as exempt retirement funds. *Clark*, 134 S. Ct. at 2245.

[2] Wisconsin has not opted out of the federal exemptions and, accordingly, allows its residents who file bankruptcy to select either the Wisconsin state law exemptions or the Bankruptcy Code exemptions. *In re George,* 440 B.R. 164,165 (Bankr. E.D. Wis. 2010); *In re Ehlen*, 207 B.R. 179, 182 (Bankr. W.D. Wis. 1997); 11 U.S.C. §522(b). And, in any event, even when state law exemptions are claimed, debtors may also claim exemptions under certain non-bankruptcy federal laws and may claim the exemptions set forth in §522(b)(3). 11 U.S.C. §522(b)(3).

debtors in *Clark* claimed their exemption under §522(b)(3)(C) of the Code. *Clark*, 134 S. Ct. at 2244. Importantly, notwithstanding their assertion that the *Clark* holding should be distinguished, the Debtors failed to identify any meaningful difference between the Illinois exemption statute upon which they rely and the provisions of the Code construed in *Clark*.

Section 522(b)(3)(C) provides an exemption for "retirement funds to the extent that those funds are in a fund or account that is exempt from taxation under . . . the Internal Revenue Code." 11 U.S.C. §522(b)(3)(C). One of the enumerated provisions of the Internal Revenue Code that qualifies funds for the exemption is §408, the provision establishing IRAs. 26 U.S.C. §408. Thus, the exemption relied on in *Clark* is strikingly similar to the Illinois exemption relied on by the Debtors that covers "retirement plans" qualified under the Internal Revenue Code, including IRAs. 735 ILCS 5/12-1006. Only if there were some meaningful difference between the Illinois exemption and §522(b)(3) or some evidence that the Illinois legislature intended to include inherited IRA accounts in the retirement plans exemption, would this Court be free to ignore *Clark*. *See In re Kara*, 573 B.R. 696, 701-02 (Bankr. W.D. Tex. 2017) (*Clark* is not applicable where Texas legislature has expressly included inherited IRAs in state exemption statute); *In re Pacheo*, 537 B.R. 935, 937 (Bankr. D. Ariz. 2015) (Arizona exemption statute includes provision for retirement plan where beneficiary's interest arises by inheritance and thus Clark does not apply to deny claimed exemption). There is no meaningful difference between the Illinois exemption and the exemption construed in *Clark*, and the Court finds no evidence of any intent

by the Illinois legislature to include inherited IRAs in the retirement plans exemption.

The Trustee bolsters her argument that the Illinois exemption for retirement plans does not include inherited IRAs with her citation to *In re Branit*, 2015 IL App (1st) 141297, 41 N.E.3d 518, 416 Ill. Dec. 838 (2015). In *Branit*, the Illinois Appellate Court held that inherited IRAs are not included in the Illinois exemption for retirement plans. *Id.* at ¶¶22-25. The appellate court relied heavily on *Clark* and found it controlling, essentially agreeing with the creditor's contention that "there is no functional difference between the bankruptcy exemptions and the Illinois exemptions for retirement assets." *Id.* The *Branit* court also specifically found "no indication that the legislature, in exempting *retirement* plans, intended to exempt a non-spouse's interest in an inherited IRA[.]" *Id.* at ¶26.

In applying Illinois law in a bankruptcy case, a court must predict how the Illinois Supreme Court would decide the issue at hand. Where, as here, the Illinois Supreme Court has not ruled on the issue, a decision of the Illinois Appellate Court directly on point controls the prediction. *Allen v. Transamerica Ins. Co.*, 128 F.3d 462, 466 (7th Cir. 1997). *Branit* presents a thorough, comprehensive review of the Illinois retirement plans exemption and a clear analysis of why inherited IRAs are not exempt under Illinois law. Absent any Illinois law to the contrary, *Branit* controls this Court's prediction that the Illinois Supreme Court, if faced with the issue, would follow *Clark* and find that inherited IRAs are not exempt under Illinois law.

The Debtors argued that *Branit* should not be considered by this Court, pointing out that the creditor in *Branit* was collecting a child support judgment and that Illinois law allows for the collection of child support from the income and assets of the person obligated to pay support without regard to any claimed exemption. Specifically, the Illinois Income Withholding for Support Act ("Support Act") provides that when an action is commenced under the Support Act, "[a]ny other State or local laws which limit or exempt income or the amount or percentage of income that can be withheld shall not apply." 750 ILCS 28/15(d); *see also In re Marriage of Logston*, 103 Ill. 2d 266, 469 N.E.2d 167, 175, 82 Ill. Dec. 633 (1984); *In re the Marriage of Radzik and Agrella*, 2011 IL App (2d) 100374, ¶56, 955 N.E.2d 591, 353 Ill. Dec. 124 (2011).

In their written response and oral argument, the Debtors did not fully develop their arguments on the relevancy of the Support Act to the exemption issue. Presumably, their point was that if the issue of whether an inherited IRA is exempt did not need to be reached by the appellate court in *Branit* because child support can be collected regardless of exemption claims, then the discussion about inherited IRAs in *Branit* is dicta that should be ignored by this Court. *See United States v. Crawley*, 837 F.2d 291, 292-93 (7th Cir. 1988) (statements made by a court not essential to a decision lack the "authority of adjudication" and may be rejected by other courts as non-precedential). But if that was their point, it is not persuasive. This Court does not find that the discussion of inherited IRAs in *Branit* was dicta. To the contrary, the discussion was essential to resolving the issues squarely before the court.

In *Branit*, although one of the several judgments being collected was for child support, the creditor did not avail herself of the collection remedies provided by the Support Act. Rather, she filed supplementary proceedings, a collection remedy commonly referred to as a citation to discover assets, provided for under the Illinois Code of Civil Procedure. *Branit*, 2015 IL App (1st) 141297, at ¶¶9-10; 735 ILCS 5/2-1402. Because the creditor chose to use general creditor remedies rather than the child support specific remedies of the Support Act, the provisions of the Support Act making the exemption laws inapplicable were not at issue. *Branit*, 2015 IL App (1st) 141297, ¶¶1, 37. Thus, the former husband of the creditor was entitled to raise his claim of exemption as a defense to the citation, and the issue of whether his inherited IRA was exempt was directly before the court. *Id.* at ¶¶10-13. The fact that the creditor might have chosen to proceed under the Support Act rather than the Code of Civil Procedure for the collection of at least one of her judgments, and in doing so might have avoided the exemption issue from being raised, does not change the fact the issue was properly raised and decided in *Branit*. The findings and holdings in *Branit* are not dicta that can or should be ignored.

### IV. Conclusion

*Clark* and *Branit* control the Court's decision here. The Debtors' inherited IRA is not exempt under Illinois law and the Trustee's objection to their claim of exemption must be sustained.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

###